**FILED**
**AUGUST 5, 2021**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37315-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JOHNNY NARVIN TALBERT, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, J. — Following a resentencing ordered by this court, Johnny Talbert

Jr. appeals the amendment of his judgment and sentence. No right to relief having been

shown, we affirm.

PROCEDURAL BACKGROUND

In an unpublished opinion filed in February 2019, this court reversed one of

Johnny Talbert's convictions adjudged in a May 9, 2017 judgment and sentence,

remanded for resentencing, and ruled that four community custody conditions that had

been challenged on appeal could be contested at resentencing. *State v. Talbert*, No.

35294-3-III, slip op. at 12 (Wash. Ct. App. Feb. 21, 2019), https://www.courts.wa

.gov/opinions/pdf/352943_unp.pdf.

The unpublished opinion rejected Mr. Talbert's contention in a pro se statement of

additional grounds (SAG) that he had received ineffective assistance of counsel. In

addressing the SAG, this court commented on how Mr. Talbert could proceed to obtain a copy of his case file from his trial lawyer or, failing that, could seek to compel production in the superior court. *Id.* at 14.

Resentencing took place on December 13, 2019. The trial court modified community custody conditions 8, 9, and 15. No objection was made to the modifications or to any other community custody condition.

Although the State questions the timeliness of appeal, defense counsel timely filed a notice of appeal on Monday, January 13, 2020.[1] On January 11, 2020, Mr. Talbert timely deposited a pro se notice of appeal in the prison mail system. RAP 18.6(c); GR 3.1(a) (document timely filed if deposited in prison mail system within time permitted for filing). Both notices of appeal were limited to the December 13 amendment of the judgment and sentence.

## ANALYSIS

*Demand for discovery*

Mr. Talbert's brief assigns error to an alleged failure of the trial court, prosecuting attorney, and defense attorney to comply with a demand for discovery made by Mr. Talbert in October 2019. It characterizes this court as having ordered the trial court to provide Mr. Talbert with discovery.

---

[1] RAP 18.6(a) ("The last day of the period so computed is included unless it is a Saturday, Sunday, or legal holiday, in which case the period extends to the end of the next day which is not a Saturday, Sunday, or legal holiday.").

This court did not order anyone to provide Mr. Talbert with discovery. The only decision before us on appeal is the judgment and sentence. Discovery issues are not before us and have not been considered.

*Community custody conditions*

The second assignment of error in Mr. Talbert's brief is to three community custody conditions that were, or are now, allegedly redundant. Objections, if any, were not preserved. *State v. Peters*, 10 Wn. App. 2d 574, 583, 455 P.3d 141 (2019) (identifying circumstances in which objection to a community custody condition is entitled to review for the first time on appeal). In a spirit of cooperation, the State has identified a further modification that would be acceptable, but Mr. Talbert does not persuade us that any redundancy will create problems that justify remand for even a ministerial correction.

STATEMENT OF ADDITIONAL GROUNDS

In a pro se SAG, Mr. Talbert contends he was removed from the courtroom during his resentencing. He contends the report of proceedings of the resentencing fails to include his entire allocution or to report his removal from the courtroom.

The court's closing remarks as reported in the verbatim report of proceedings appear to be addressing Mr. Talbert and explaining his appeal rights. Report of Proceedings (Dec. 13, 2019) at 10-11 (*e.g.*, "you need to treat today as day one," "right of direct appeal that you may have," "[y]ou have the right"). Nothing in the record on

appeal supports Mr. Talbert's claim that he was removed from the courtroom and sentenced in absentia. The declaration that he appends to his SAG cannot be relied on in a direct appeal.

Mr. Talbert's remedy is to file a personal restraint petition supported by evidence. *See State v. Norman*, 61 Wn. App. 16, 27-28, 808 P.2d 1159 (1991). We caution Mr. Talbert that to avoid dismissal, the petition must be supported by facts and not merely bald or conclusory allegations. *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 813-14, 729 P.2d 506 (1990).

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____      _____
Pennell, C.J.                              Lawrence-Berrey, J.